NUMBER 13-10-00114-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________


JUAN JESUS CANTU AND MARIA YOLANDA CANTU, Appellants,


 v.


ZAR-MAT PROPERTIES, A TEXAS GENERAL 

PARTNERSHIP, JOSE RUBEN MATA, AND

ZARAGOSA HINOJOSA, JR., Appellees.

____________________________________________________________


On appeal from the County Court at Law No. 1


of Hidalgo County, Texas.

____________________________________________________________


MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Vela

Per Curiam Memorandum Opinion



 Appellants Juan Jesus Cantu and Maria Yolanda Cantu complain in this appeal of
a November 30, 2009 order granting summary judgment in favor of appellees Zar-Mat
Properties, a Texas General Partnership, Jose Ruben Mata, and Zaragosa Hinojosa, Jr.
(Zar-Mat). We dismiss for want of jurisdiction.

 In 2005, the Cantus bought a home from Zar-Mat for $49,500. They paid $3,000
in cash and gave Zar-Mat a promissory note for $46,500 with an interest rate of 12.5% per
annum. The Cantus defaulted on the note, and Zar-Mat conducted a non-judicial
foreclosure to obtain title to the property. On February 21, 2006, Zar-Mat filed a forcible
entry and detainer action against the Cantus in justice court, and on February 28, 2006,
the Cantus answered. That same day, the Cantus filed suit against Zar-Mat in County
Court at Law No. 1 for violation of truth-in-lending laws and conspiracy to commit fraud. 
In April 2006, at the request of the Cantus, the justice-court action was consolidated into
the county-court-at-law action. (1) Subsequently, the trial court considered motions for
summary judgment filed by Zar-Mat, motions seeking summary judgment only on the
Cantus' claims. On November 30, 2009, the trial court granted Zar-Mat's second
summary-judgment motion. On March 2, 2010, the trial court dismissed, without prejudice,
a third-party action Zar-Mat had filed against third-party defendant Montalvo & Ramirez,
Attorneys at Law. This appeal followed.

 On July 16, 2010, we abated this appeal and asked the trial court to clarify its
November 30 order, as to the forcible entry and detainer action. On August 6, 2010, the
trial court signed a clarification order where it determined that the November 30 order was
interlocutory because it did not address Zar-Mat's forcible entry and detainer claims.

 On August 16, 2010, Zar-Mat filed its "First Supplement to Motion to Determine
Finality of Judgment and to Abate," which this Court construed as a motion to dismiss for
want of jurisdiction. Based on this request, we reinstated the appeal. The Cantus filed
their response on August 23, 2010.

 In terms of appellate jurisdiction, appellate courts only have jurisdiction to review
final judgments and certain interlocutory orders identified by statute. See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). The Court, having fully reviewed and
considered the appellate record herein, concludes that the appeal is interlocutory and fails
to invoke our appellate jurisdiction. We are of the opinion that this cause should be
dismissed.

 Because the Cantus are not appealing a final judgment, we conclude this Court has
no jurisdiction to consider this appeal. Zar-Mat's motion is hereby granted. Accordingly,
this appeal is DISMISSED FOR WANT OF JURISDICTION.


 PER CURIAM


Delivered and filed the 

30th day of August, 2010.
1. We note that no pleadings from the justice-court action are contained in the record.